IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY** and **METRO**, <br><br> Plaintiffs, <br><br> v. <br><br> **InSinkErator**, *a Division of Emerson Electric Co.*, <br><br> Defendant. | Case No. 3:20-cv-1370-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on March 18, 2021. ECF 26. Judge Acosta recommended that this Court grant both Defendant InSinkErator's Request for Judicial Notice (ECF 20)[1] and InSinkErator's Motion to Dismiss Plaintiffs' Lexington Insurance Company and Metro's (Plaintiffs) Complaint (ECF 6). Plaintiffs timely filed an objection, to which InSinkErator responded.

---

[1] Neither party objects to Judge Acosta's recommendation that the Court grant InSinkErator's request for judicial notice.

Because the parties filed several exhibits and declarations in their briefing on InSinkErator's motion to dismiss, on May 10, 2021 the Court asked the parties whether the Court should construe InSinkErator's motion to dismiss as a motion for summary judgment. ECF 30; *see* Fed. R. Civ. P. 12(d). The Court also sought the parties' views on whether, if the Court construed InSinkErator's motion to dismiss as a motion for summary judgment, the Court should afford the parties more time to conduct limited discovery. ECF 30; *see* Fed. R. Civ. P. 12(d). Plaintiffs argued that the Court should construe InSinkErator's motion as a motion for summary judgment and moved the Court for more time to conduct limited discovery. ECF 34.

InSinkErator opposed both the Court construing its motion to dismiss as a motion for summary judgment and Plaintiffs' request for more time. ECF 37. InSinkErator argued that, because it did not file any exhibits or declarations with its motion to dismiss and instead only filed exhibits and declarations in reply to the exhibits and declarations Plaintiffs filed in response to InSinkErator's motion, the Court should not construe its motion as a motion for summary judgment. InSinkErator also argued that, because Plaintiffs did not seek discovery before Judge Acosta, the Court should deny Plaintiffs' request for more time to conduct discovery.

The Court agrees with InSinkErator on both points. Thus, the Court declines to construe InSinkErator's motion to dismiss as a motion for summary judgment. *Contra* ECF 30 (expressing only a tentative intention). The Court also denies Plaintiffs' request for more time to conduct discovery (ECF 34).

The Court now returns to Judge Acosta's Findings and Recommendation (ECF 26). Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs object to the portion of Judge Acosta's recommendation finding that Plaintiffs failed to allege that InSinkErator received actual notice of Plaintiffs' original complaint. The Court has reviewed Judge Acosta's Findings and Recommendation, Plaintiffs' objections to the Findings and Recommendation, and InSinkErator's response to Plaintiffs' objections. The Court agrees with Judge Acosta that Plaintiffs' sparse Complaint does not allege that InSinkErator received actual notice of Plaintiffs' original complaint within 60 days of Plaintiffs filing that complaint. Thus, the Court adopts those portions of Judge Acosta's Findings and Recommendation and dismisses Plaintiffs' Complaint.

The Court, however, gives Plaintiffs leave to amend. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when

justice so requires." A district court should apply Rule 15's "policy of favoring amendments with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (simplified). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing the factors, the Court makes all inferences in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union*

*Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g.*, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab., LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019) (quotation marks omitted).

Many exhibits and declarations that Plaintiffs' filed in response to InSinkErator's motion, *see* ECF 14-1, as well as some exhibits and declarations that InSinkErator filed in reply to Plaintiffs' response, *see* ECF 25-1, suggest that amendment would not be futile. At this stage of the litigation, Plaintiffs need not conclusively establish actual notice. *See Williford v. City of Portland*, 320 F. App'x 513, 515 (9th Cir. 2009) (holding that a district court erred by dismissing a complaint invoking ORS § 12.220 when the district court required the plaintiff to "*conclusively establish* that Defendants had actual notice within 60 days"). Instead, Plaintiffs need merely allege facts supporting a reasonable inference that InSinkErator had actual notice. *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).

It appears from the parties' exhibits and declarations that Plaintiffs may have told InSinkErator's counsel, W. Ward Morrison, Jr., about the suit. Plaintiffs had worked with

Morrison in his capacity as InSinkErator's counsel on this matter for more than two years. Morrison instructed Plaintiffs on how to correctly name his client. After Plaintiffs filed their original complaint, Plaintiffs asked Morrison whether he was authorized to accept process on InSinkErator's behalf, and Morrison replied that he was not authorized but offered to ask InSinkErator for authorization.[2] There is even more reason to believe that Morrison knew that Plaintiffs had filed their suit: when several days had gone by without InSinkErator authorizing Morrison to accept process, Morrison wrote to Plaintiffs stating that he had not received authorization and that he would "understand if [Plaintiffs] decide to proceed with service [of Plaintiffs' original complaint] on the registered agent." ECF 25-1 at 2. Depending on other allegations in an amended complaint, it may be reasonable to infer that Morrison's statement that he would "understand" if Plaintiffs proceeded with service on the registered agent shows that Morrison also understood that Plaintiffs' had filed their suit and their deadline to serve process was rapidly approaching.

If Plaintiffs told Morrison about their suit, Plaintiffs might be able to allege that InSinkErator had actual notice. "[A]ctual notice is notice that fulfills the basic purpose of limitations periods by alerting defendants that a plaintiff asserts claims against them." *See Raymond v. Anheuser-Busch, LLC*, 2015 WL 8492455, at *3 (D. Or. Dec. 10, 2015). The Restatement (Third) of Agency instructs that an agent's knowledge of a fact may be imputed to a principal when the fact "is material to the agent's duty to the principal." § 5.03(1) (2006); *see*

---

[2] It is not clear whether Morrison actually asked InSinkErator for authorization. Asking InSinkErator for authorization would seem to imply that Morrison informed InSinkErator about the suit. In this way, this case further resembles *Williford*, where the defendants' "careful silence on the factual issue of which they alone have intimate knowledge" further supported the Ninth Circuit's decision to hold that the plaintiffs had adequately alleged actual notice. 320 F. App'x at 515.

PAGE 6 – ORDER

*also id.* § 5.03, cmt. a ("[A] principal is charged with notice of facts than an agent knows . . . ."). Because knowledge of a suit against InSinkErator in a matter that InSinkErator had already retained Morrison to handle would be material to Morrison's duty to InSinkErator and because an agent's knowledge may be imputed to a principal, the Restatement suggests that simply telling Morrison under these circumstances would satisfy the requirement of actual notice.

InSinkErator argues that, even if Plaintiffs told Morrison, that would not suffice because *Raymond* and *Ziniker* stated that notice to an agent does not satisfy the actual notice standard. Neither case, however, held that conclusion.[3] It is true that *Raymond* stated that "that the proper inquiry is whether the defendant, rather than his agents, received actual notice of the filing of the action." 2015 WL 8492455, at *3. Similarly, *Ziniker v. Waldo*, 2007 WL 445558 (D. Or. Feb. 6, 2007), contrasted actual notice with "mere constructive or imputed notice" and stated that "[a]ctual notice instead requires that notice is given to the person who must be notified." 2007 WL 445558, at *9. These statements reflect those courts' *hesitation* to find actual notice to a defendant was satisfied by informing the defendant's agent of the suit in those cases. Neither, however, *forecloses* the possibility that telling a defendant's agent about a lawsuit against the defendant when knowledge of lawsuits against the defendant is material to the agent's duty to that defendant satisfies actual notice.

Indeed, closer examination of *Raymond* and *Ziniker* reveals that those courts' reticence to endorse the plaintiffs' agency theories had more to do with the particulars of the plaintiffs' theories in those cases than with agency law generally. In *Ziniker*, the "agents" that the plaintiff notified were the defendant's insurer and "a lawyer who ha[d] not yet been retained to represent

---

[3] Even if *Raymond* and *Ziniker* did hold that informing a defendant's agent of a lawsuit against the defendant did not satisfy actual notice, the Court would not be bound by those decisions of a federal district court.

PAGE 7 – ORDER

the defendant." 2007 WL 445558, at *10. Knowledge of lawsuits against the principal is not necessarily material to the insurer's duty to the principal, at least until the principal (*i.e.*, the insured) tenders the suit to the insurer. Further, an unretained counsel, meanwhile, is not an agent at all. In addition, the agency theory in *Raymond* was even weaker. There, the plaintiff argued that the defendant's counsel had knowledge of the plaintiff's suit not because the plaintiff told the defendant's counsel but because "many lawyers—although, not necessarily the defendant's counsel—"subscribe to . . . services that provide notice of all filings in the District of Oregon." 2015 WL 8492455, at *3 (alteration in the original).

Neither of these cases—nor any other case of which the Court is aware—has addressed directly whether actual notice would be satisfied in a situation like that imagined by Restatement (Third) of Agency § 5.03(1): an agent for whom knowledge of lawsuits against the principal is material to the agent's duty to the principal has knowledge of a lawsuit against the principal. Plaintiffs' may be able to plead that precise scenario here. The Court thus concludes that it would not be futile to allow Plaintiffs' to amend their Complaint.

## CONCLUSION

The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Acosta's Findings and Recommendation (ECF 26). The Court GRANTS InSinkErator's Request for Judicial Notice (ECF 20) and Motion to Dismiss (ECF 6). The Court gives Plaintiffs leave to file an amended complaint.

**IT IS SO ORDERED.**

DATED this 15th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge