IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY** and **METRO**, | Case No. 3:20-cv-1370-AC |
| Plaintiffs, | **ORDER** |
| v. | |
| **INSINKERATOR**, a Division of Emerson Electric Co.**,** | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on February 7, 2022. ECF 47. Judge Acosta recommended that this Court deny the Motion to Dismiss for Failure to State a Claim and Motion to Certify Two Questions to the Oregon Supreme Court (ECF 42) filed by Defendant InSinkErator, a division of Emerson Electric Company (InSinkErator).

PAGE 1 – ORDER

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant InSinkErator timely filed an objection (ECF 49), to which Plaintiff Lexington Insurance Company and Metro (Lexington) responded (ECF 50), and Defendant replied (ECF 51). Defendant objects to the portion of Judge Acosta's findings that Plaintiff had plausibly alleged that Defendant had received actual notice of the underlying lawsuit within 60 days of its filing and that Defendant did not meet the criteria for certification of questions to the Oregon Supreme Court.

PAGE 2 – ORDER

Defendant argues that Plaintiff has not plausibly alleged that InSinkErator had actual knowledge that the lawsuit had been filed. Defendant contends that the relevant inquiry is whether Plaintiff has pled that Defendant's attorney W. Ward Morrison informed his client that the lawsuit had been *filed*, rather than the fact that Plaintiffs *intended* to file the suit. Defendant appears to concede that, had Mr. Morrison informed InSinkErator that the lawsuit had been filed, that would be sufficient. ECF 49 at 2.

That distinction and the resulting consequences need not, and cannot, be resolved at the motion to dismiss stage, because the Court agrees with Judge Acosta that Plaintiff' First Amended Complaint (FAC) does, in fact, allege that Mr. Morrison informed his client, Defendant InSinkErator, of the *filing* of lawsuit. ECF 40 at ¶ 17 ("On information and belief, Mr. Morrison fulfilled his obligation under Oregon Rule of Professional Conduct 1.4 and kept his client reasonably informed about the status of the lawsuit, by informing InSinkErator that the law suit *had been filed* and service was being attempted." (emphasis added)). At a later stage in this litigation, the evidence may demonstrate that that allegation is not supported by the record. At this stage, however, the Court is persuaded that Plaintiff has plausibly alleged that Defendant was informed of the filing of the lawsuit, and not merely that Plaintiff intended to file suit.

As for Defendant's Motion to Certify, the Court agrees with Judge Acosta's conclusion that InSinkErator has not demonstrated that the statutory and discretionary criteria for certification are satisfied here. As Judge Acosta explained, this dispute turns on an unresolved question of fact—whether InSinkErator received actual notice that a lawsuit had been filed—as opposed to a clear question of law. *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627, 630 (1991) ("Certification, therefore, is not appropriate if disputed facts make questions of law unclear.").

PAGE 3 – ORDER

## CONCLUSION

The Court ADOPTS Judge Acosta's Findings and Recommendation (ECF 47). The Court

DENIES Defendant InSinkErator's Motion to Dismiss and Motion to Certify Two Questions to

the Oregon Supreme Court (ECF 42).

**IT IS SO ORDERED.**

DATED this 26th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge